THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DRAFT NOT FOR PUBLICATION

| | |
|---|---|
| KENNETH E. ROBINSON, JR.,<br><br>Plaintiff,<br><br>v.<br><br>HORIZON BLUE CROSS-BLUE SHIELD OF NEW JERSEY, VICTORIA WRIGHT-GIBSON, CHERYL CONCANNON, COLETTEWHITE and BEATRIZ MESA,<br><br>Defendants. | Civil Action No.:<br>2:12-CV-02981-ES-JAD<br><br>**OPINION ON DEFENDANTS' MOTIONS TO COMPEL; PLAINTIFF'S MOTION TO COMPEL; AND DEFENDANTS' CROSS- MOTION FOR A PROTECTIVE ORDER**<br><br>**[ECF DE Nos.: 48, 49 & 53]** |

I. **INTRODUCTION**

Pending before this Court are three (3) Motions (ECF DE Nos.: 48, 49 & 53) - all relating to a dispute concerning document requests made by plaintiff as well as the parties' mutual requests for the production of income tax returns. The Court has considered the parties' submissions and oral argument, pursuant to Federal Rule of Civil Procedure 78(b),[1] and for the reasons set forth below the Court: 1) Defendants' motion to

---

[1] Oral argument was held before the Hon. Steven C. Mannion, U.S.M.J. on June 17, 2013. At that time Judge Mannion was the Magistrate Judge managing this case. Subsequently, this case was transferred to the undersigned, Hon. Joseph A. Dickson, U.S.M.J., for continued pre-trial management. The undersigned issues the instant Opinion and Order after having thoroughly reviewed the record in the case as developed by the parties to date.

1

compel plaintiff's income tax returns is **Denied**; 2) Plaintiff's cross-motion to compel defendants' income tax returns is **Denied;** and 3) Plaintiff's motion to compel the production of documents is **Denied** in part and **Granted** in part; and 4) Defendants' cross-motion for a protective order is **Granted,** subject to the .

## II. <u>BACKGROUND</u>[2]

This action involves employment discrimination claims predicated on allegations of race and gender discrimination made pursuant to Title VII of the Federal Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* Plaintiff also asserts various tort claims in connection with the aforementioned allegations. Pending before this Court are a) defendants' motion to compel production of plaintiff's income tax returns [ECF No. 48]; b) plaintiff's omnibus motion (motion to compel production of documents; cross-motion to compel defendants' income tax returns; opposition to defendants' motion for protective order; and non-opposition to defendants' motion to compel)[ECF No. 49]; and c) defendants' cross-motion for a protective order preventing defendants from having to respond to plaintiff's pending and future document requests. (ECF No. 53).

---

[2] At this stage of the proceedings we are required to accept the facts alleged in the Amended Complaint as true.

2

## III. **RELEVANT PROCEDURAL HISTORY**

On May 18, 2012, plaintiff Robinson filed his Complaint. (Electronic Case Filing ("ECF") No. 1, Complaint). Plaintiff filed an Amended Complaint on June 5, 2012. (ECF No. 4, Plaintiff First Amended Complaint). Defendants answered the Complaint on July 24, 2012. (ECF No. 10, Answer). By way of Scheduling Order dated August 23, 2012, the fact discovery deadline was set for December 12, 2012. (ECF No. 18, Initial Scheduling Order). On January 16, 2013, by way of Amended Scheduling Order, defendants were ordered by the Court to amend their initial disclosures and written discovery responses and to produce all responsive records, if necessary with appropriate and defensible redactions, by January 28, 2013. (ECF No. 30, First Amended Scheduling Order). The fact discovery deadline was extended until April, 28, 2013. (Id.). A Discovery Confidentiality Order was executed by the parties and entered by the Court on January 30, 2013. (ECF No. 35, Discovery Confidentiality Order).

On April 9, 2013, the Court granted the parties permission to file their respective instant motions. (ECF No. 46, Order Granting Leave to File Motions). Defendants filed their motion to compel production of Plaintiff's income tax records on April 19, 2013. (ECF No. 48). Plaintiff filed his cross-motion to compel discovery the same date. (ECF No. 49). Defendants, in

turn filed, a cross-motion for a protective order on April 30, 2013. (D.E. 53).

IV. **DISCUSSION**

A. **Federal Rule of Civil Procedure 26**

Federal Rule of Civil Procedure 26 defines the bounds of relevant discovery. Pursuant to subparagraph (b)(1), "parties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). The Federal Rules of Civil Procedure "allow broad and liberal discovery." Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir. 1999). Courts have interpreted the federal rules to mean that discovery encompasses "any matter that bears on or reasonably could lead to other matters that could bear on any issue that is or may be in the case." Kopacz v. Del. River and Bay Auth., 225 F.R.D. 494, 496 (D.N.J. 2004).

In interpreting Rule 26(b)(1), district courts must remain mindful that relevance is a broader inquiry at the discovery stage than at the trial stage. Nestle Foods Corp. v. Aetna Cas. & Sur. Co., 135 F.R.D. 101, 104 (D.N.J. 1990). Accordingly, Rule 26(b)(1) provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."

4

"When a party fails to make disclosure of discovery, the opposing party may file a motion to compel. When a motion to compel is filed and asks the court to overrule certain objections, the objecting party must specifically show how each discovery request is objectionable." Kannaday v. Ball, 2013 W.L. 1367055 at 2 (D.Kan. 2013). "Although the scope of discovery under the Federal Rules is broad, this right is not unlimited and may be circumscribed." Bayer AG v. Betachem, Inc., 173 F.3d 188, 191 (3d Cir. 1999). While relevant information need not be admissible at trial, the party seeking discovery must "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." Caver v. City of Trenton, 192 F.R.D. 154, 159 (D.N.J. 2000). This is because the sole purpose of discovery is to add flesh for trial on the parties' respective claims and defenses in the given action. Discovery is not a fishing expedition for potential claims or defenses. Smith v. Lyons, Doughty & Velduius, P.C., 2008 WL 2885887, at *5 (D.N.J. July 23, 2008). Thus, Federal Rule of Civil Procedure 26 sets out the parameters for when the Court must limit discovery:

> **(C)** *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> **(i)** the discovery sought is unreasonably cumulative or duplicative, or can be

>           obtained from some other source that is more
>           convenient, less burdensome, or less
>           expensive;
>           **(ii)** the party seeking discovery has had
>           ample opportunity to obtain the information
>           by discovery in the action; or
>           **(iii)** the burden or expense of the proposed
>           discovery outweighs its likely benefit,
>           considering the needs of the case, the
>           amount in controversy, the parties'
>           resources, the importance of the issues at
>           stake in the action, and the importance of
>           the discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2)(C).

### a. Defendants' Motion to Compel Plaintiff's Tax Returns

Defendants have moved to compel the production of Plaintiff's income tax records, arguing that these documents are relevant as to whether the plaintiff, who is seeking economic damages for lost compensation, took steps to mitigate his lost compensation. (See ECF No. 48-1, Defendants' Brief in Support of Motion to Compel, at p. 3). It is worth noting here that although plaintiff states that he does not oppose defendants' request to produce his income tax return for the relevant time period (2012), he represented that because he applied for and received and extension, his income tax returns would not be available until October 15, 2013. (See ECF No. 49, Plaintiff's Non-Opposition to Defendants' Motion to Compel/Plaintiff's Cross Motion to Compel, at p. 6).

On the issue of the discoverability of income tax returns, "public policy favors the nondisclosure of income tax returns." EEOC v. Princeton Healthcare Sys., 202 U.S. Dist. Lexis 65112 (Civil Action No. 10-4126), *61 (D.N.J. 2012)(Quoting Jackson v. Unisus, Inc., 2009 U.S. Dist. Lexis 121716, *4-5 (E.D.Pa. 2010). See also DeMasi v. Weiss, 669 F.2d 114, 119 (3d Cir. 1982) ("[P]rivate individuals have legitimate expectations of privacy regarding the precise amount of their incomes."). In deciding a motion to compel income tax returns, the Court is required to consider two important competing interests: The tax payer's expectation of privacy and the liberal discovery policy embodied in and contemplated by Federal Rule of Civil Procedure 26. Demasi, supra, 669 F.2d at 119; EEOC, supra, 202 U.S Dist. Lexis 65112 at *61. Thus, courts apply a two-part test when balancing these two interests; first, the court determines the relevance of the tax returns to the litigation; if the returns are found to be relevant, the court then determines whether there is a compelling need for the tax returns due to the sought after information being otherwise unavailable. Id.; Farmers & Merchants Nat'l Bank v. San Clemente Fin. Group Sec., 174 F.R.D. 572, 585 (D.N.J. 1997). It is the party that is objecting to producing the information that bears the burden of proving that the information is otherwise available. EEOC, supra, 202 U.S Dist. Lexis 65112 at *62. Consequently, even where a

7

plaintiff's income tax returns contain relevant financial information, they may still be protected from disclosure based on the policy favoring non-disclosure of income tax returns if the relevant information is available via other less invasive reliable sources. Farmers & Merchants Nat. Bank, 174 F.R.D at 585.

In the instant case, the facts and circumstances militates in favor of denying defendants' motion to compel plaintiff's income tax returns. Plaintiff has represented to this Court and to the defendants that he has not been gainfully employed since his employment with defendant Horizon Blue Cross-Blue Shield of New Jersey ("Blue Cross-Blue Shield") was terminated on March 9, 2012. (ECF No. 49 at p. 6). Presumably, should this case proceed to trial, plaintiff will be willing to stipulate to this fact. Additionally, Blue Cross-Blue Shield is in possession of the plaintiff's 2012 W-2 form, which contains all the information there is (based on plaintiff's assertions) regarding his income for the relevant time period. Because the relevant sought-after information is readily available to defendants, it would be superfluous and more importantly, it would undermine the general policy of maintaining the confidentially of taxpayers' income tax returns to compel the production of plaintiff income tax returns. Plaintiff has, therefore, carried his burden of demonstrating how the sought-after information,

8

while relevant, is otherwise available; and consequently, defendants' motion to compel must be denied.

### b. Plaintiff's Omnibus Motion

Plaintiff has moved to compel documents as well as defendants' income tax returns. Plaintiff also opposes plaintiff's motion for a protective order.

#### 1) Discoverability of Defendants' Income Tax Returns

As an initial point, plaintiff's motion to compel defendants' income tax returns is not ripe at this time, which is an independently sufficient basis for denying plaintiff's motion. Pursuant to Federal Rule of Civil Procedure 37, a party may only move to compel the production of documents after having first requested production of those documents. See Fed.R.Civ.P. 37(a)(3)(B)(iv)(a party may move for entry of an Order compelling production or inspection when another party has failed to respond to a request to produce documents or permit inspection of discovery requested pursuant to Rule 34).[3]

---

[3] Federal Rule of Civil Procedure 37 also requires that "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Plaintiff's motion to compel does not contain a certification as required by Rule 37. In fact, in his certification, plaintiff confirms that he did not make a request to defendants to produce their tax returns, stating: "Plaintiff did not broach the issue of Defendants' tax returns because, commencing with Plaintiff's 19th set of Request for Documents, Plaintiff was notified that Defendants would cease to provide

9

Plaintiff makes no mention in his brief of having made a request to defendants for production of their income tax returns and/or that defendants objected to and/or failed to respond to such request.

While plaintiff's motion may be properly denied based on its procedural defect and due to lack of ripeness, this Court will, nonetheless, address the substantive issues presented in plaintiff's motion. Plaintiff argues that defendants' income tax returns are probative (and therefore discoverable) of the defendants' financial condition, a factor to be considered by a jury when considering how much (if any) punitive damages are warranted. (See ECF No. 49 at p. 6). Before determining whether defendants' income tax returns are discoverable, this Court must first determine whether plaintiff is entitled to discovery regarding defendants' financial condition. If and only if plaintiff is entitled to discovery concerning defendants' financial condition will it be necessary to determine whether the two-part test, discussed supra, for determining the discoverability of income tax returns has been satisfied.

Neither the Supreme Court nor the Third Circuit Court of Appeals has opined on the issue of pre-trial discoverability of information regarding a defendant's financial condition as it

---

any more Discovery documents." (ECF No. 49, at p. 7). As such, plaintiff's motion is also procedurally defective as well as not ripe.

relates to possible punitive damages. However, the weight of authority among the district courts in this jurisdiction has established that "documents relating to damages plaintiffs may obtain on their claims, including punitive damages, are discoverable under Federal Rule of Civil Procedure 26(b)." Stayinfront, Inc. v. Tobin, 2006 U.S. Dist. Lexis 80498 (Civil Action No. 05-4563), *15 (D.N.J. 2006). See also, Caruso v. The Coleman Co., et al., 157 F.R.D. 344, 348 (E.D.Pa 1994)(Information regarding damages is as discoverable as information which pertains to liability); Graham v. Carino, 2010 U.S. Dist. Lexis 54964 (Civil Action No. 09-4501), *10-11 (D.N.J. 2010)("bifurcation of the issues of liability and punitive damages does not warrant delaying production of financial information in this case, and deferring punitive damage discovery does not serve the interests of judicial economy"). Also, contrary to defendants' position, "when punitive damages are alleged, the weight of authority requires that a defendant disclose his financial condition in pretrial discovery without requiring a *prima facie* showing of punitive damages to justify the discovery." Caruso, supra, 157 at 348, citing Clark v. Pennsylvania, No. 93-1365, 1994 WL 396478, at *2-3, 1994 U.S.Dist. LEXIS 10180, at *6-7 (E.D.Pa. July 21, 1994) (emphasis added)(citing E.J. Lavino, 1991 WL 275767, at *1, 1991 U.S.Dist. LEXIS 18505, at *2-3 and Security Ins. Co.,

11

1987 WL 17571, at *1, 1987 U.S.Dist. LEXIS 14066, at *2 (no *prima facie* showing in punitive damages is required to justify discovery). Thus, the prevailing approach in this district in cases where the plaintiff is seeking punitive damages is to allow pre-trial discovery of information related to a defendant's financial position.

Assuming that the defendants' financial condition is relevant to plaintiff's demand for punitive damages, the Court must still determine whether this relevant information is available via other less invasive means. On this issue Graham, supra, is instructive. In Graham, the court denied defendants' motion for a protective order reliving the individual defendants from responding to interrogatories pertaining to punitive damages the requested information about the defendants' financial assets. Id. at 1-2. The Graham court found that that information concerning the defendants' financial condition relevant under Rule 26 to the plaintiff's claim for punitive damages. Graham, 2010 U.S. Dist. Lexis 54964 *8. In requiring the defendants to respond to plaintiff's interrogatories regarding their financial condition, the court ordered that the sought-after information be produced on an "attorneys' eyes only" basis in order to preserve the confidentiality of the defendants' personal information (name, address, social security no. etc.). Id.

In the instant matter, plaintiff has mistakenly conflated being entitled to discovery of information regarding defendants' financial condition with having a right to disclosure of defendants' income tax return. The relevant information is potentially available via less invasive means than disclosing defendants' income tax returns, which for the individual defendants contains the type of confidential information that courts typically see to protect from disclosure. Interrogatories narrowly directly at ascertaining the defendants' net worth would have been one such appropriate means for plaintiff to obtain disclosure of the relevant information. However, in addition to plaintiff's motion to compel being procedurally defective and wanting for ripeness, plaintiff's attempt to compel disclosure of defendants' income tax returns does not pass the second prong of the two-part test articulated, supra. Consequently, plaintiff's motion is properly denied.

### 2) Motion to Compel Production of Documents

In his motion to compel production of documents, plaintiff implores this Court to compel defendants to respond to approximately 45 different requests for documents. (See ECF No. 49-1, Exhibit A- Copy of Plaintiff's Request for Production of Documents (Nos. 19-25).[4] In support of his motion plaintiff

---

[4] For the purposes of plaintiff's motion to compel the production of documents, the focus is on document requests sets Nos. 19-25

13

argues that the above-described discovery is needed in order for him to "establish a *prima facie* and a pretext for his claims." (ECF No. 49-1, Plaintiff's Brief in Support of Motion to Compel Production of Documents, at p. 7). In addition to the exhibit that details each set of his document requests, in his brief plaintiff includes eleven itemized paragraphs in which he articulates the reasons why he is need of the additional discovery requested in sets 19-25 of his document requests. (See ECF No. 49-1, at p. 13-14).

---

because according to plaintiff, it was after serving his nineteenth document request that defendants notified him of their intention to seek relief from his continuing discovery requests. (See ECF No. 49-1, at p. 5). In his 'summary of the document requests made to defendants', plaintiff states at the beginning of document request No. 19 that, "Plaintiffs are seeking an order of protection and are refusing to answer" [sic]. This Court views plaintiff's use of the word "Plaintiffs" in the referenced quote as a typographical error; presumably, plaintiff intended to state that it is Defendants who are seeking an order of protection and refusing to answer, as this interpretation is the only one that is logical and consistent with the posture of the instant motion. It should also be noted that with respect to his first 18 sets of document requests, plaintiff designates certain individual requests as "not complied" or with a notation that describes some other deficiency. For the majority of the requests made in sets 1-18, however, plaintiff does not make any notation at all; therefore, because plaintiff has elected to include a notation after certain individual requests that defendants have either not complied with the request or that defendants' response was in some way deficient, this Court views the absence of any notation as an admission by plaintiff that defendants have satisfactorily responded to those particular requests. Consequently, in addressing plaintiff motion to compel documents, the Court will focus on sets 19-25 of plaintiff's requests for documents and only on the individual requests in sets 1-18 that plaintiff has notated as "has not complied" or with some other notation indicating a deficiency.

Defendants opposed plaintiff's motion, arguing that plaintiff "is engaging in a fishing expedition, in hopes of finding some "smoking gun" evidence that he concedes he presently lacks." (ECF No. 53-1, Defendants' Brief in Opposition to Plaintiff's Motion to Compel/Brief In Support of Entry of Protective Order, at p. 6). According to defendants (and plaintiff's own representations confirm), plaintiff has thus far served defendants with 128 separate request for admissions, made 85 document requests and served 25 interrogatories. (See ECF No. 53-1, at p. 5). In response to plaintiff's discovery requests, defendants state that they have produced over 56,030 pages of documents including personnel files, internal e-mails, performance evaluations, organizational charts and other responsive documents. (Id.). Defendants further argue that plaintiff's pending discovery requests are over-burdensome when balanced against the possible benefits to be obtained via the requested discovery; similarly, defendants maintain that plaintiff's requests are disproportionately over-broad given the nature of the case and the amount in controversey. (Id. at pp. 7-10).

The question for the Court is whether the document requests made by plaintiff that defendants have objected to represent an effort to stretch the bounds of discovery beyond the broad scope contemplated by Rule 26. While plaintiffs are generally

15

afforded significant latitude in seeking discovery, the limits are not boundless nor is the discovery process indefinite. See Bayer, 173 F.3d at 191.

Taking into consideration the volume of discovery that plaintiff has already received, the nature of plaintiff's claims, and the duration of the discovery process, the Court is of the opinion that it is appropriate to significantly circumscribe discovery going forward. The discovery plaintiff has received has been extensive, and according to plaintiff, helpful in assisting him in further developing his claims.[5] Having reviewed plaintiff's outstanding discovery requests, it is obvious that many of his requests are cumulative and duplicitous. For example, document requests 1-3 of plaintiff's 23rd set of document request is identical to request 1, 2, and 3 of his 24th set of requests. (See ECF No. 49-1, Exhibit A Plaintiff's Brief in Support of Motion to Compel, at p. 31).

---

[5] Plaintiff's argument that the requested discovery is necessary in order for him to establish a *prima facie* case is belied by the fact that plaintiff has moved before this Court for leave to amend his Complaint.(See ECF No. 50, Plaintiff's Motion for Leave to Amend). Plaintiff's Proposed Second Amended Complaint contains numerous references to and quotes from e-mails, documents, etc. that were produced by defendants. While the Court makes no representation as to the propriety of plaintiff's motion to amend at this time, the discovery plaintiff has received has presumably provided him with sufficient information to support his proposed amendments, thereby contradicting his argument that the requested discovery is necessary in order for him to establish a *prima facie* case.

This is just one example of how a number of plaintiff's document requests are completely or substantially duplicitous.

In addition to the cumulative nature of a number of plaintiff's discovery requests - and perhaps even more consequential - is this Court's view that plaintiff's reasons for seeking additional discovery are so speculative and/or irrelevant/remotely relevant to his claims that his requests stretch beyond the broad scope of discovery contemplated by Rule 26. For example, with respect to individual defendant Cheryl Concannon plaintiff states that he seeks:

> 1) to "show that Defendant Cheryl Concannon was uncomfortable around Black males…"; and
>
> 2) "whether was a quid pro quo for the award of $500 form Cheryl Concannon to Victoria Wright-Gibson for the (fraudulent) conduct committed by Defendant, Victoria Wright-Gibson…"
>
> 3) "To ascertain whether Cheryl Concannon believes her primary purpose, upon becoming his supervisor, was to terminate Plaintiff, and that he was a sacrificial lamb"

The documents sought by defendant in support of the theories articulated above are, respectively, "any performance appraisals conducted by her (Cheryl Concannon) with Black males, from 2007 to 2012"; "the documentation used to support the award, and any

nominations by Cheryl Concannon of such awards ever to Black males."; and "any and all reports temporaneous to her becoming head of the ITVM department." [sic]. Here, plaintiff is apparently seeking discovery to support (pre-textual) theories that are highly speculative, at best. Apparently, the voluminous discovery that plaintiff has already received does not contain facts or information that can reasonably support these theories; and now plaintiff urges this Court to compel further discovery in hopes that something will be found to support his presently unsupported theories. No less than ten (10) of plaintiff's request for documents are aimed at trying to find support for the above-referenced theories. (See Exhibit A to ECF No. 49-1, at pp. 28-29). This is the type of "fishing expedition" that courts typically view as an abuse of the liberal Rule 26 relevancy standard. See Justiano v. GS4 Secure Solutions, Inc., 291 F.R.D. 80, 83 (D. N.J. 2013) (Discovery should not serve as a fishing expedition during which a party searches for evidence to support facts not yet pleaded) citing Claude P. Bamberger Intern., Inc. v. Rohm and Haas Co., C.A. No. 96-1041 (WGB), 1998 WL 684263, at *2 (D.N.J. April 1, 1998) ("while the standard of relevancy is a liberal one, it is not so liberal as to allow a party to roam in shadow zones of relevancy and to explore matter which does not appear germane merely on the theory that it might become so."). The overwhelming

majority of the document requests propounded in sets 19-25 by the plaintiff suffer from similar duplicitousness, over-breath, speculation and/or lack of relevancy as the examples highlighted and analyzed above.

Additionally, the Court agrees with defendants that the time and expense of producing the documents requested by plaintiff (to the extent that such documents exist) is not likely to yield any new relevant information. If the discovery that has been produced has left plaintiff, as he asserts, incapable of establishing a *prima facie* case, then the Court is inclined to agree with defendants that compelling responses to the outstanding requests is likely to be an exercise in futility. While the Court is of the opinion that the vast majority of plaintiff's document requests are beyond the scope of Rule 26, this Court has identified a few request that it deems relevant and therefore discoverable.

### c. Defendants' Motion for Protective Order

A court may issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to regulate the terms, conditions, time or place of discovery. Defendants, as the moving parties, bear the burden of showing good cause for the issuance of a protective order "by demonstrating a particular need for protection [and] [b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the

Rule 26(c) test." Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986) (citing United States v. Garrett, 571 F.2d 1323, 1326, n. 3 (5th Cir. 1978).

With the exception of a few limited discovery requests that will be specifically identified in an Order to be issued contemporaneous and consistent with this opinion, this Court finds good cause to relieve defendants of the obligation to respond to sets 19-25 of plaintiff's document requests and limit the duration and scope of discovery going forward.

## V. **CONCLUSION**

For the reasons stated herein, defendants' motion to compel plaintiff's income tax returns is hereby **Denied**; plaintiff's cross-motion to compel defendants' income tax returns is **Denied**; plaintiff's motion to compel the production of documents is **Denied**, in part and **Granted**, in part; and defendants' cross-motion for a protective order is hereby **Granted**. The Court shall issue an Order consistent with this opinion.

_____
Joseph A. Dickson, U.S.M.J.


Date: December ____, 2013


Cc: Hon. Esther Salas, U.S.D.J