NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH E. ROBINSON, JR., | Civil Action No. 12–2981 (ES) |
| Plaintiff, | OPINION |
| v. | |
| HORIZON BLUE CROSS-BLUE SHIELD OF NEW JERSEY, VICTORA WRIGHT-GIBSON, CHERYL CONCANNON, COLETTE WHITE AND BEATRIZ MESA, | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

Pending before this Court is Plaintiff Kenneth E. Robinson Jr.'s ("Plaintiff") Motion Appealing Magistrate Judge Dickson's Order Denying Plaintiff's Motion to Compel and Granting Defendants' Motion for a Protective Order. (D.E. No. 76, Certification in Support of Appeal of Notice of Motion and Motion to Appeal Magistrate Judge Dickerson's [sic] Opinion and Order as set forth in D.E. No. 73 & D.E. No. 74 ("Pl. Br.")). Plaintiff contends that Magistrate Judge Joseph A. Dickson committed error in denying Plaintiff's motion. (*Id*. at 3). On December 23, 2013, Magistrate Judge Dickson issued an Opinion and Order denying Plaintiff's Motion and Granting Defendants' Cross-Motion. (D.E. No. 73, Opinion on Defendants' Motion to Compel; Plaintiff's Motion to Compel; and Defendants' Cross-Motion for a Protective Order ("Mag. Op")).

**I.    Background**

As the Court writes for the parties involved, it will not delve deeply into the facts. Plaintiff alleges that Defendant Horizon Blue Cross Blue Shield of New Jersey discriminated against Plaintiff on the basis of his race and gender when it terminated his employment. Plaintiff appeals

1

Judge Dickson's Opinion and Order denying Plaintiff's motion to compel discovery and granting Defendants' cross-motion for a protective order.

## II.     Discussion

### A.  Standard of Review

A district court may reverse a magistrate judge's determination of a non-dispositive issue only if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); *see also Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986).  A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).  A district court may not take into consideration any evidence that was not put forth before the magistrate judge when reviewing the magistrate judge's factual determination.  *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 92 (3d Cir. 1992).  Under the clearly erroneous standard, the reviewing court will not reverse the magistrate judge's determination even if the court might have decided the matter differently.  *See Cardona v. Gen. Motors Corp.*, 942 F. Supp. 968, 971 (D.N.J. 1996).  The court, however, will review a magistrate judge's legal conclusions under de novo review. *See Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted).

"Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion."  *Id.; see also* 12 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 3069 (2d ed. 1997) ("many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis").  The deferential standard of review is particularly appropriate in a case where the magistrate judge managed the case from the outset,

and thus has a thorough knowledge of the proceedings.  *Cooper Hosp.,* 183 F.R.D. at 127 (quoting *Public Interest Research Group v. Hercules, Inc.,* 830 F. Supp. 1525, 1547 (D.N.J. 1993), *aff'd on other grounds and rev'd on other grounds,* 50 F.3d 1239 (3d Cir.1995)).

> **B. The Magistrate Judge's December 23, 2013 Order Denying Plaintiff's Motion to Compel Production of Documents and Granting Defendants' Cross-Motion for a Protective Order Did Not Constitute an Abuse of Discretion and Was Not Clearly Erroneous or Contrary to the Law**

Plaintiff argues that Magistrate Judge Dickson's Order denying Plaintiff's motion to compel discovery and granting Defendants' cross-motion for a protective order ought to be reversed.  (Pl. Br. at 3) ("[Judge Dickson's] findings and determinations are totally devoid of logic, are conclusory, unfair, and lack any foundations . . . .") (emphasis in original).  Plaintiff argues that he "merely seeks to take advantage of the amended discovery rules pertaining to Electronically Stored Information (ESI)."  (*Id*. at 3).  Plaintiff also argues that Defendants have not demonstrated that the requested discovery is irrelevant or unduly burdensome.  (D.E. No. 79, Plaintiff's Reply Brief in Support of his Appeal of Magistrate Judge Dickson's Orders Denying in Part and Granting in Part Plaintiff's Motion to Compel the Production of Documents and Granting Defendants' Cross-Motion for a Protective Order ("Pl. Reply") at 14).

Defendants argue that Judge Dickson's Order should be affirmed because a Magistrate Judge's ruling is reviewed by an "abuse of discretion" standard and Plaintiff cannot show that Judge Dickson abused his discretion.  (D.E. No. 78, Defendants' Memorandum of Law in Opposition to Plaintiff's Appeal from the Magistrate Judge's December 26, 2013 Discovery Order ("Def. Br.") at 4). Defendants point to the fact that discovery has been ongoing for nine months and that Plaintiff has already had access to ample discovery.  (*Id*.) ("Plaintiff had already served upon Defendants 128 separate requests for admissions, 85 document requests, and 25 interrogatories, to which Defendants responded with over 56,000 pages of document production

3

including emails, personnel files, comparator files, performance evaluations, among other responsive documents."). Additionally, Defendants argue that they will be burdened by Plaintiff's ample discovery requests, and that the resulting burden outweighs the value of the discoverable information. (Def. Br. at 5).

### 1. Motion to Compel Production of Documents

According to Rule 26(b)(1) of the Federal Rules of Civil Procedure "parties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The purpose of discovery is to achieve "mutual knowledge of all the relevant facts gathered by both parties." *Hickman v. Taylor*, 329 U.S. 495, 507-08 (1947). To that end, "the deposition-discovery rules are to be accorded a broad and liberal treatment." *Id*. However, the boundaries of discovery are not limitless. *Id*; *see Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999) ("Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed."). Rule 26(b) shields the discovery process from irrelevant information. *Id*. Therefore, "the party seeking discovery has the burden of showing that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000) (citation omitted). Rule 26 outlines further limitations on the discovery process:

> (C) *When Required.* On motion or on its own the court must limit the frequency or extent of discovery otherwise allowed by these rules or the local rules if it determines that:
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issue.

Fed. R. Civ. P. 26(b)(2)(C).

Moreover, "district courts have broad discretion to manage discovery." *EEOC v. Princeton Healthcare Sys.*, No. 10-4126, 2012 WL 1623870, at *18 (D.N.J. May 9, 2012) (granting in part and denying in part Defendants' motion to compel discovery of personal and medical information in a disability discrimination case) (citation omitted). Also, there is particularly broad deference given to a magistrate judge's discovery rulings. *Farmers & Merchs. Nat. Bank v. San Clemente Fin. Grp. Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J. 1997) (citation omitted).

Here, the Court finds no abuse of discretion because no mistake has been committed. Plaintiff has not demonstrated that Judge Dickson's determinations are clearly erroneous or contrary to the law. The Court finds that Judge Dickson, in his Order, properly considered the relevant facts and case law in denying Plaintiff's motion to compel production of documents. In support of his denial, Judge Dickson considers, consistent with Rule 26, "the volume of discovery that plaintiff has already received, the nature of plaintiff's claims and the duration of the discovery process." (Mag. Op. at 16).

Moreover, Judge Dickson properly considered the fact that Plaintiff had already served 128 separate requests for admission, 85 document requests, and 25 interrogatories, to which Defendants responded with "56,030 pages of documents including personnel files, internal e-mails, performance evaluations, organizational charts and other responsive documents." (*Id*. at 15). Judge Dickson notes that Plaintiff has already used much of the discovery sought in furtherance of his case. (*Id*. at 16). The above discovery, coupled with the fact that Plaintiff has made several identical, repetitive requests, support Judge Dickson's holding that many of Plaintiff's requests are cumulative and duplicative.

Additionally, Plaintiff failed to meet his burden of showing that the information sought is relevant and may lead to admissible evidence. Judge Dickson held that many of the Plaintiff's reasons for making certain requests are "speculative and/or irrelevant/remotely relevant to his claims." (*Id*. at 17-18). Plaintiff does nothing in his appellate brief to counter this assertion or to bolster his reasons for seeking the discovery at issue. Instead, Plaintiff only points out that Defendants' and Judge Dickson's reasoning is also arguably speculative at times. (Pl. Reply at 11).

Furthermore, the speculative reasons undergirding Plaintiff's requests support Judge Dickson's contention that the burden or expense of the requested discovery outweighs its likely benefit. (Mag. Op. at 19). In light of the sheer volume of discovery already produced, Judge Dickson did not abuse his discretion by holding that the discovery sought would prove burdensome to Defendants. Plaintiff relies on *Princeton Healthcare System* for the proposition that courts permit particularly broad discovery in Title VII cases. (Pl. Reply at 10). Such reliance is misplaced. First, *Princeton Healthcare System*, unlike the present case, involved a class of plaintiffs, as opposed to an individual plaintiff, thereby justifying a greater volume of discovery. Second, the court in *Princeton Healthcare System* found the sought-after discovery to be to relevant and/or reasonably calculated to lead to admissible evidence, while this Court has not found that to be the case here.[1] Therefore, Judge Dickson's Order granting in part and denying in part Plaintiff's motion to compel is AFFIRMED.

---

[1] Specifically, the court held that: 1) medical records were relevant to making out a case for disability discrimination; 2) social security records were relevant to determining the plaintiffs' prior disability claims; 3) employment records are not appropriately discoverable, given privacy concerns, where other discovery documents can produce the same information; 4) the use of fact sheets are appropriate where they less burdensome and more efficient than serving interrogatories. *Princeton Healthcare System*, 2012 WL 1623870, at *22-25.

### 2. Protective Order

A court may issue a protective order to protect a party from undue burden or expense by forbidding certain disclosure or discovery, or by limiting the time and/or scope of discovery. Fed. R. Civ. P. 26(c)(1)(A),(B),(D). "Rule 26(c) places the burden of persuasion on the party seeking the protective order." *Cipollene v. Liggett Grp. Inc.*, 785 F.2d 1108, 1121 (3d. Cir. 1986). "To overcome the presumption, the party seeking the protective order must show good cause by demonstrating a particular need for protection." *Id*.

Here, the Court finds no abuse of discretion in the issuance of a protective order. The Court is satisfied that good cause has been shown to warrant a protective order. Judge Dickson properly found that Defendants would be unduly burdened by further discovery given the duration of this action—over two years[2]—and the amount of discovery already produced. Therefore, Judge Dickson's Order granting Defendants' cross-motion for a protective order is AFFIRMED.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion appealing the Opinion and Order of the Magistrate Judge is DENIED.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[2] Plaintiff filed his Complaint on May 18, 2012. (Mag. Op. at 3).