KENNETH E. ROBINSON JR.,

    Plaintiff,

v.

HORIZON BLUE CROSS BLUE SHIELD
OF NEW JERSEY, et al.,

    Defendants.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Civil Action No.: 12-02981 (MCA-JAD)

<u>OPINION AND ORDER</u>

<u>JOSEPH A. DICKSON, U.S.M.J.</u>

This matter comes before this Court on Plaintiff Kenneth E. Robinson's ("Plaintiff") motion, (Motion to Recuse, ECF No. 87), seeking the recusal of the undersigned from this matter pursuant to 28 U.S.C. § 455. Pursuant to Federal Rule Civil Procedure 78, no oral argument was heard. After considering the submissions of the parties, and for good cause, this Court **DENIES** Plaintiff's motion for the reasons herein expressed separately below.

## I.   BACKGROUND

Plaintiff filed the instant lawsuit in this Court on May 18, 2012 alleging disparate/adverse treatment on the basis of race and sex, retaliation, wrongful termination, intentional infliction of emotional distress, fraud/deceit, breach of fiduciary duty, and negligent hiring, supervision, and training. (Complaint, ECF No. 1). The matter was reassigned to the undersigned on September 13, 2013. (See Docket Entry on September 13, 2013). The Court held an in person status conference on November 18, 2013. (See Minute Entry on November 18, 2013). On December

23, 2013 this Court issued an Opinion on the properly filed pending Motions,[1] (ECF No. 73), and entered an Order on December 26, 2013. (ECF No.74). Plaintiff appealed this Court's decision on January 9, 2014. (ECF No. 76). After having considered the parties' submissions, Judge Salas affirmed this Court's Opinion and Order on July 21, 2014. (ECF Nos. 80 and 81). On September 9, 2014 this Court scheduled an in person conference on October 9, 2014. (ECF No. 82). On October 9, 2014 Plaintiff filed, what appears to be, his personal notes, requesting that the matter be referred to another Magistrate Judge. (ECF No. 83).

On or about October 27, 2014, Plaintiff, pursuant to 28 U.S.C. §§ 455(a) and (b), filed the instant motion seeking the recusal of the undersigned from this matter. Specifically, Plaintiff contends disqualification pursuant to 28 U.S.C. §455(a) is warranted because:

> . . . [the undersigned's] utterances and conduct seemed to signal a disdain for Plaintiff, and a deep seeded favoritism towards Defendants' Counsel, which have made Plaintiff deeply concerned, and genuinely and reasonably question his impartiality to the extent that Plaintiff reasonably questions whether Magistrate Dickson will adjudicate this lawsuit in a fair and just manner.

(Motion to Recuse, ECF No. 87 at 4).

Plaintiff offers four examples he claims demonstrate the undersigned's bias: (1) my alleged ex parte communications with Defendants' Counsel prior to the start of the in-person status conference held on November 18, 2013; (2) my alleged admission, during the in-person status conference held on October 09, 2014, of failing to become acquainted with all of the filings in the instant matter when it was transferred from Magistrate Mannion to myself; (3) at that same conference, my alleged "coaching" of Defendants' Counsel to file a dispositive motion; and (4) my allegedly biased decision in allowing Defendants' Counsel to file a response to Plaintiff's

---

[1] Defendants' Motions to Compel, Plaintiff's Motion to Compel, and Defendants' Cross-Motion for a Protective Order. (ECF Nos. 48, 49, and 53).

2

submission, while telling Plaintiff it was not necessary to file a reply to Defendants' Counsel's response.

Moreover, Plaintiff argues in the alternative, that I should be disqualified from this action pursuant to 28 U.S.C. §455(b) because I have "served as a lawyer in the matter in controversy. . ." (Id. at 8). Specifically, Plaintiff points to my alleged employment as a management-side litigator, and argues "[I]t is unfathomable to believe that he doesn't retain a bias against a plaintiff, and for management, in employment discrimination cases." (Id.).

On or about November 11, 2014, Defendants filed an opposition to Plaintiff's motion seeking the undersigned's recusal, (ECF No. 88). Defendants' opposition emphasizes that the undersigned has not demonstrated any bias towards either party. Instead, Defendants characterize Plaintiff's motion as "the latest effort by Plaintiff to refuse to accept decisions with which he disagrees . . ." (Id. at 2).

On or about November 14, 2014, Plaintiff filed a reply to Defendants' opposition, (ECF No. 89). In summary, Plaintiff argues that "[T]he merits of Plaintiff's Motion for Recusal show that, despite Counsel's strident defense of Magistrate Dickson, Magistrate Dickson's impartiality and appearance of bias are reasonably questioned, and he should recuse himself or be disqualified." (Id. at 9).


## II.   LEGAL STANDARD

Section 455(a) states that a judge should recuse himself if the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under Section 455(a), "the test that applies is 'whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned.'" Meza–Role v. Partyka, No. 11–2307, 2011 WL

2579884, at *2, fn. 1 (D.N.J. June 27, 2011) (citing In re: Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir.2004)); see also Jones, 899 F.2d at 1356 ("Under this section a judge must consider whether a reasonable person knowing all the circumstances would harbor doubts concerning the judge's impartiality."). "This is an objective inquiry that considers not only whether a judge is actually impartial but whether there is an appearance of impartiality." Meza-Role, 2011 WL 2579884, at *2, fn. 1 (citing In re: Community Bank of Northern Virginia, 418 F.3d 277, 320 (3d Cir.2005)). Moreover, "[T]he test for disqualification is objective, not subjective. It only matters whether the judge reasonably appears to be biased." Liteky v. U.S., 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

In addition to § 455(a), the present motion to recuse is also brought under § 455(b) which provides, in pertinent part, as follows:

> Any justice, judge, or magistrate of the United States shall also disqualify himself in the following circumstances:
>
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it....

Thus, based on the plain language of § 455(b), it is clear that "disqualification is warranted only where the judge, while a lawyer in private practice, represented or practiced with a lawyer who represented a client concerning the matter in controversy." § 3549 Appearance of Bias, Prejudice, or Partiality, 13D Fed. Prac. & Proc. Juris. § 3549 (3d ed.).

Additionally, only extrajudicial bias requires disqualification. Johnson v. Trueblood, 629 F.2d 287, 290–91 (3d Cir.1980). "'Extrajudicial bias' refers to a bias that is not derived from the evidence or conduct of the parties that the judge observes in the course of the proceedings." Id.; see also Meza–Role, 2011 WL 2579884, at *2 (stating that a party "generally must show that such

4

bias or prejudice is grounded in extrajudicial sources, such as personal animus, rather than judicial actions that can be corrected on appeal"); <u>Carter</u>, 2011 WL 5864083, at * 11 ("The alleged prejudice usually obtains from an extrajudicial source; a judge's prior adverse ruling alone is not sufficient cause for recusal.").  "In the absence of extrajudicial bias, a party seeking recusal must show that a judge has a 'deep-seated and unequivocal antagonism that would render fair judgment impossible' to obtain recusal." <u>Meza-Role</u>, 2011 WL 2579884, at *2 (<u>citing</u> <u>Liteky v. United States</u>, 510 U.S. 540, 555–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) ("opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible")).

## III.   ANALYSIS AND DISCUSSION

### A. <u>Recusal under 28 U.S.C. §455(a)</u>

In the instant motion, Plaintiff seeks recusal pursuant to 28 U.S.C. § 455(a), which provides that "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

It is well established pursuant to the case law, that mere disagreement with prior rulings does not warrant recusal. <u>Liteky</u>, 510 U.S. at 555; <u>Jones v. Pittsburgh Nat'l Corp.</u>, 899 F.2d 1350, 1357 (3d Cir. 1990).  In fact, the Supreme Court has explained that the proper relief for a party in disagreement with a judge's ruling is an appeal, rather than a motion for recusal. <u>Liteky</u>, 510 U.S. at 555.  Here, Plaintiff appealed my Opinion, (December 23, 2013 Opinion, ECF No. 73), and Order, (December 26, 2013 Order, ECF No. 74), granting Defendants' Motion for a Protective Order and denying Plaintiff's Motion to Compel, to District Judge

Esther Salas.  Upon review of Plaintiff's objections, Judge Salas affirmed my Opinion and Order.  See ECF Nos. 80-81.  Plaintiff, however, did not stop there and upon the case being reassigned from District Judge Salas to District Judge Arleo, sought, once again, the reversal in its entirety, of my rulings, as well as Judge Salas's affirmation thereof.  (ECF No. 91-1). Judge Arleo issued an Order denying Plaintiff's request with prejudice on January 20, 2015, (ECF No. 94).

Plaintiff's motion expresses nothing more than disagreement with this Court's prior rulings and therefore does not form the basis of recusal.  See Avila v. New Jersey, No. CIV. A. 13-0779 (JAP), 2013 WL 4597096, at *3 (D.N.J. Aug. 29, 2013) ("an adverse decision, even if it is adverse on all issues raised, is not evidence of bias, especially when it is supported by the law and facts."); see also Bolick v. Pennsylvania, 2005 WL 3234630, *2 (E.D.Pa. Nov.10, 2005) ("The undersigned district judge cannot be disqualified under 28 U.S.C. § 455(a) merely because [plaintiff] disagrees with his decision.").  In fact, during the October 09, 2014 in-person status conference, Plaintiff, himself, admittedly stated, "Your Honor, I don't believe I have grounds.  I can't just – and I've read the rules and I know that I just can't ask to switch judges, because I disagreed with your ruling."  See Transcript of October 09, 2014 Status Conference, at 4.

I will now address each individual allegation of impartiality raised by the Plaintiff and explain why they fail to provide evidence of "deep-seated and unequivocal antagonism that would render fair judgment impossible."  Liteky, 510 U.S. at 555.

### 1.  Alleged Ex Parte Communication with Defendants' Counsel

Plaintiff contends that my decision to meet privately with Defendants' Counsel prior to the start of the in-person status conference held on November 18, 2013, and not meet privately with

Plaintiff, evidences a bias in favor of Defendants' Counsel. Quoting Canon 1.4 and 4.4 of the "Code of Conduct for U.S. District Judges" in his papers, (Plaintiff's Reply, ECF No. 89 at 3), Plaintiff implies that ex parte contacts in themselves cause a judge's impartiality to be reasonably questioned. However, based on a review of the relevant case law in which ex parte discussions were at issue, "courts ordering recusal examined the qualitative circumstances of the contacts and their consequences in making their decisions." In re Kensington Intern. Ltd., 368 F. 3d 289 (2004). Here, as set forth by Defendants', (Defendants' Brief, ECF No. 88 at 2), I merely inquired into Defendants' willingness to discuss settlement. As all parties had discussed settlement with Magistrate Judge Mannion prior to the case being reassigned to the undersigned, I find the brief exchange I had with Defendants' Counsel no different than any previous settlement discussions that the parties had with Judge Mannion or any settlement discussions I have with nearly every party that has appeared in cases assigned to me. It is clear that there is nothing about these communications that was improper or that warrants recusal.

## 2. Alleged Admission of Being Unacquainted with the Instant Case

Next, Plaintiff argues that "[A]t the beginning of the 2nd In-Person Status Conference set by Magistrate Dickson (DE 82), he apologized for not having read or becoming acquainted with all of the filings in this case when the case was transferred to him from Magistrate Mannion." (Motion to Recuse, ECF No. 87 at 6). A review of the Transcript from the October 09, 2014 status conference, provides that I explained the following to both parties:

> Excuse me. And the first thing I want to raise is the fact that it was brought to my attention, maybe by one of the – one of you – one of the litigants. And I will tell you, we just missed it. This case was transferred to me, and prior to the date it was transferred, Mr. Robinson filed a motion to amend the complaint. The problem I had in missing this, in my defense, is that there's no docket, we had no idea there was a pending motion . . . I just wanted to alert the parties that I now have it in front of me and I will move on it as quickly as I can get it.

October 09, 2014 In-person Status Conference Transcript, at 3-4.

Regardless, Plaintiff's argument, even if taken as true, in no way evinces impartiality on my part, nor that I harbor "disdain for Plaintiff, and deep seeded favoritism towards Defendants' Counsel." See Motion to Recuse, ECF No. 87 at 4. In fact, my decision to consider Plaintiff's improperly filed "motion" may indicate the opposite.[2]

### 3. The Undersigned's Alleged Coaching of Defendants' Counsel

The Plaintiff's next proffered reason that he argues warrants recusal, also took place at the October 09, 2014 in-person status conference held before the undersigned. Plaintiff alleges the following:

> At the end of the 2nd In-person Status Conference, Magistrate Dickson asked Defendants' Counsel whether or not he was going to "file a dispositive motion." As a seeming afterthought, he advised Plaintiff that he, too, could file a dispositive motion regarding liability. Plaintiff interpreted this question to Counsel as unfair coaching.

See Motion to Recuse, ECF No. 87 at 6.

Recognizing that it is routine for defendants in such actions seek leave to move for summary judgment,[3] I asked Defendants' Counsel's intention in order to facilitate the management of the case.[4] Moreover, Defendants' Counsel also points out that "at prior

---

[2] Plaintiff failed to file a Notice of Motion. As a result, the Court's Electronic Filing System did not indicate that the motion was pending before the Court.

[3] "Most employers' counsel say . . . that they intend to file a "Rule 56" motion if the case does not settle; and . . . a large number of employers do so. By contrast, practically no plaintiffs in employment cases make such motions." Vivian Berger et. al., Summary Judgment Benchmarks for Settling Employment Discrimination Lawsuits, 23 Hofstra Lab. & Emp. L.J. 45, 48 (2005). Such is this Court's experience as well.

[4] "Rather, federal judges now take control of their cases from the start. The process of taking control typically begins with the judge issuing a case-management order that sets a detailed schedule based on the particular needs of the case. As the case goes forward, the federal judge can continue to exercise control by, among other things, closely managing the scope, timing, and

conferences, Defendants fully indicated their intent to file their motion for summary judgment." (Defs' Opp'n, ECF No. 88 at 2). As such, Plaintiff's contention that the undersigned unfairly "coached" Defendants' Counsel is objectively without merit.

### 4. Defendants Requested to Respond – Plaintiff is Not Required to Respond

Plaintiff's final issue is that the undersigned ordered Defendants to respond to Plaintiff's "Oral Notes," (ECF No. 83), which essentially outlined discovery disputes, but did not require Plaintiff to respond to Defendants' response. The undersigned's decision to allow Defendants an opportunity to respond to Plaintiff's "Oral Notes" does not exhibit bias. See Karakozova v. Univ. of Pittsburgh, No. 09CV0458, 2010 WL 2804518, at *6 (W.D. Pa. July 15, 2010) (court's decision to allow defendant an opportunity to respond to plaintiff's proposed clarifications did not exhibit bias). The Court requested a response from Defendants because it is my practice not to rule on issues until I have heard from both parties. Furthermore, there is no automatic right to a reply in a discovery dispute. See Local Civil Rule 37.1(a)(1) (reply papers are not permitted without the express permission of the magistrate judge).

### B. Recusal under 28 U.S.C. §455(b)(2)

Next, the Court examines the Plaintiff's contention that because the undersigned was previously in the practice of employment law with a management-side firm, 28 U.S.C. § 455(b)(2) requires my disqualification. Specifically, Plaintiff argues "[P]rior to becoming a magistrate judge in Federal District Court, Judge Dickson was employed as a management-

---

sequence of discovery and dispositive motions." Steven S. Gensler, Judicial Case Management: Caught in the Crossfire, 60 Duke L.J. 669, 670-71 (2010).

side litigator associate of Wolff & Samson PC for almost thirty (30) years. It is unfathomable to believe that he doesn't retain a bias against a plaintiff, and for management, in employment discrimination cases." (Motion to Recuse, ECF No. 87).[5]

Pursuant to §455(b)(2), a judge must recuse herself where "in private practice [the judge] served as lawyer in the matter in controversy, or a lawyer with whom [the judge] previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it." 28 U.S.C. §455(b)(2). This section, however, is not applicable to the case before the Court. The record clearly demonstrates that the undersigned never served as a lawyer or a material witness concerning the matter in issue.

The undersigned's previous employment as a practicing attorney certainly did not concern the matter in issue. To hold that the current action is the same "matter of controversy" under §455(b)(2) would suggest that the undersigned should be precluded from presiding over any kind of employment law case. This, of course, is not the intent of the statute, and therefore the Court finds that recusal is not warranted under Section 455(b)(2).

Moreover, viewing this motion from a practical standpoint, I note that persons selected to serve as United States Magistrate Judges all take the bench with certain experiences and backgrounds which hopefully help provide experiential guidance in the matters before them. In fact, much of my time in employment related cases in private practice was spent on representing plaintiffs. As such, it is a bit ironic that Plaintiff requests that I recuse myself in this matter due to my background in employment law.    In fact, the Court of Appeals in Cipollone, explains the conundrum that would occur if Judges were to disqualify themselves for having too much knowledge of issues before them.

---

[5] As a matter of fact, I only worked at Wolff & Samson for about 5 years.

> Cipollone does not assert that Judge Hunter has knowledge of evidentiary facts. If Judges could be disqualified because their background in the practice of law gave them knowledge of the legal issues which might be presented in cases coming before them, then only the least informed and worst-prepared lawyers could be appointed to the bench.

Cipollone v. Liggett Grp., Inc., 802 F.2d 659-60(3d Cir. 1986).

Furthermore, upon review of the relevant case law, Courts have generally held that extra-judicial knowledge gained through prior positions does not provide a requisite reason for disqualification. Laird, 409 U.S. at 835, 93 S.Ct. 7 ("Proof that a Justice's mind at the time he joined the Court was a complete tabula rasa in the area of constitutional adjudication would be evidence of lack of qualification, not lack of bias."); United States v. Voccola, 99 F.3d 37, 41–43 (1st Cir.1996) (judge's participation in a commission investigating fraud in financial institutions did not mandate recusal in case where defendant was accused of such fraud); Ivy v. Diamond Shamrock Chems. Co., 996 F.2d 1425, 1438–39 (2d Cir.1993) (fact that judge was the manager of a settlement fund, the validity of which was at issue in the litigation, did not mandate recusal); Schurz Communications, Inc. v. Fed. Communications Comm'n, 982 F.2d 1057, 1061 (7th Cir.1992) (judge not required to recuse himself where, as law professor, he had given an affidavit in a previous case concerning the same general question at issue in case before him as judge); United States v. Glick, 946 F.2d 335, 336–37 (4th Cir.1991) (fact that judge was Chairman of the United States Sentencing Commission does not preclude judge from hearing case in which sentencing guidelines were at issue); United States v. Payne, 944 F.2d 1458, 1476–77 (9th Cir.1991) (recusal not required where judge had previously served on Attorney General's Commission on Pornography and case before him involved sexual abuse of child); In re Wyoming Tight Sands Antitrust Cases, 726 F.Supp. 288, 291–92 (D.Kan.1989) (holding that judge's previous testimony before the Federal Power Commission did not

mandate recusal in case involving similar issue on which judge testified).  Indeed, "Courts have uniformly rejected the notion that a judge's previous advocacy for a legal, constitutional, or policy position is a bar to adjudicating a case, even when that position is directly implicated in the case before the court."  Carter v. West Pub. Co., 1999 WL 994997, *9 (11th Cir.1999).

Therefore, I find no reason why Plaintiff should think the undersigned is "tainted against plaintiffs in employment discrimination cases."  As such this Court concludes that the record is devoid of any facts that objectively indicate a bias against the Plaintiff.


## IV.      CONCLUSION

Based on the reasons set forth above, I will not recuse myself from this matter.  After careful consideration of Plaintiff's submissions, there are no facts from which a reasonable person with knowledge of all the facts would find that the impartiality of the undersigned might reasonably be questioned.  Accordingly, Plaintiff's motion seeking recusal of the undersigned, (ECF No. 87), is hereby **DENIED.**


2/24/15

**Joseph A. Dickson**
**United States Magistrate Judge**

cc.      Hon. Madeline Cox Arleo, U.S.D.J.