**NOT FOR PUBLICATION**

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KENNETH E. ROBINSON, JR.,** | **Civil Action No. 2:12-cv-02981 (MCA) (JAD)** |
| **Plaintiff,** | |
| v. | **OPINION AND ORDER** |
| **HORIZON BLUE CROSS-BLUE SHIELD OF NEW JERSEY, VICTORIA WRIGHT-GIBSON, CHERYL CONCANNON, COLETTE WHITE, and BEATRIZ MEZA** | |
| **Defendants.** | |

JOSEPH A. DICKSON, U.S.M.J.

     This matter comes before this Court upon Plaintiff Kenneth E. Robinson, Jr.'s "Motion to Amend."[1]  (ECF No. 50).  Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard.  Upon consideration of the parties' submissions, and for the reasons stated below, Plaintiffs' Motion to Amend is **DENIED in part and GRANTED in part.**

---

[1] Plaintiff filed a "Brief in support of Motion to further Amend the Complaint" on April 19, 2013. (ECF No. 50).  Plaintiff's submission shall be referred to as the "Motion to Amend."  The categorization of Plaintiff's submission as a "Brief" instead of a "Motion" greatly affected the timeliness of its resolution, as discussed below.

## I.   **BACKGROUND**

Plaintiff filed a Complaint in this Court on May 18, 2012 alleging disparate/adverse treatment on the basis of race and sex, retaliation, wrongful termination, intentional infliction of emotional distress, fraud/deceit, breach of fiduciary duty, and negligent hiring, supervision, and training. (Complaint, ECF No. 1). Plaintiff then filed an Amended Complaint on June 5, 2012. (Amended Complaint, ECF No. 4). The amendment in its entirety stated,

> In accordance with Local Rule 11.2, the following sentence is hereby added to the end of the Representation to the Court located on Page 18 of the Complaint, as follows: "4. No matter in controversy stated in the Complaint is the subject of any other action ending in any court, or of any pending arbitration, or of any administrative proceeding."

(Id. at 1). Horizon Blue Cross-Blue Shield of New Jersey ("Horizon"), Victoria Wright-Gibson ("Wright-Gibson"), Cheryl Concannon ("Concannon"), Colette White ("White"), and Beatriz Meza (improperly identified as "Beatriz Mesa" in the Complaint) ("Meza") (collectively, "Defendants"), filed an Answer on July 24, 2012. (Answer, ECF No. 10). Plaintiff then filed a "Motion to Strike the Entire Answer and/or Defendants' Separate Defenses to the Amended Complaint" on July 27, 2012 arguing that Defendants failed "to satisfy the pleading requirements of the Federal Rules of Civil Procedure and the Local Civil Rule [sic]." (Motion to Strike, ECF No. 11, at 6).

Following the filing of that Motion, Defendants submitted a letter to the Honorable Esther Salas, U.S.D.J. on August 1, 2012 requesting that Plaintiff's Motion be stricken given Plaintiff's failure to obtain leave of Court. (ECF No. 12, at 1). Plaintiff responded the same day noting Defendants' alleged deficiencies and requested "guidance on the Motion to Strike." (ECF No. 14, at 2). On August 3, 2012 Magistrate Judge Cathy L. Waldor issued an Order setting an Initial Conference for August 23, 2012, (ECF No. 15), and stated that the Court would discuss Plaintiff's

Motion at that time. (ECF No. 16). Following said conference, Judge Waldor issued at Order denying Plaintiff's Motion to Strike and allowed him to refile his Motion "in accordance with the Court's oral instructions." (ECF No. 17). On September 19, 2012 Plaintiff re-filed his Motion to Strike Defendants' Answers pursuant to Federal Rule of Civil Procedure or in the alternative a Motion for More Definite Statements pursuant to Federal Rules of Civil Procedure 12(e) and 12(g). (ECF No. 19). Plaintiff further requested sanctions in the same Motion. (See id.).

Defendants opposed the Motion on October 1, 2012, arguing that motions to strike affirmative defenses are disfavored, (ECF No. 21, at 2), that all of their defenses were properly pled pursuant to Federal Rule of Civil Procedure 8(b)(1)(A), (id. at 4-8), that should the Court grant Plaintiff's Motion in whole or in part, Defendants should be afforded the opportunity to amend their pleadings, (id. at 8), and finally, Plaintiff's request for sanctions should be denied because Plaintiff did not seek leave of Court to move for sanctions. (Id. at 8-10). Plaintiff submitted a reply brief on October 9, 2012 asserting that Defendants' defenses were improperly pled and that "FRCP 12(g) provides that 'A [sic] motion under this rule may be joined with any other motion allowed by this rule.' Since the Court granted Plaintiff leave to 'refile his Motion;' therefore, this motion requesting sanctions is proper." (ECF No. 22, at 7).

On December 11, 2012, the case was reassigned to Magistrate Judge Steven C. Mannion. (See Docket Entry on December 11, 2012). Pursuant to the Pretrial Scheduling Order entered by Judge Waldor on August 23, 2012, "[a]ny motion to add new parties, whether by amended or third-party complaint, must be returnable no later than 10/31/12." (ECF No. 18, at 1). In a letter to Judge Mannion dated January 30, 2013, Plaintiff requested that "the deadline of 10/31/12, to amend the pleadings and to add new parties, be amended/extended to March 13, 2013." (ECF No. 36, at 1). Judge Mannion issued an Order on March 12, 2013 extending Plaintiff's deadline to file

3

his Motion for leave to Amend his Complaint to March 18, 2013.  (ECF No. 37).  Plaintiff submitted a letter to Judge Mannion on March 15, 2013 seeking, among other things, the Court grant Plaintiff's "Motion" for leave to Amend.[2]  (ECF No. 39, at 3).  In a letter dated April 1, 2013, Plaintiff reiterated, among other things, his request that the Court grant his request to file a Second Amended Complaint.  (ECF No. 43).  Judge Mannion entered an Order on April 9, 2013 setting forth the briefing schedule for the informal requests for leave to file motions, (ECF Nos. 38, 39, 40, 41, 42, and 43), including Plaintiff's Motion to Amend.  (ECF No. 46).  Plaintiff was granted leave to file his Motion by April 19, 2013.  (Id.).  On April 19, 2013 Plaintiff filed a "Brief in support of Motion to further Amend the Complaint and join additional parties FRCP 15(a)(2), FRCP 20(a)," (hereinafter "Motion to Amend").  (ECF No. 50).  Defendants filed their opposition to Plaintiff's Motion to Amend on April 30, 2013.  (ECF No. 54).  Plaintiff filed his reply on May 7, 2013.  (ECF No. 56).

On June 17, 2013, Judge Mannion heard oral arguments on the Motion to Strike, (ECF No. 19), as well as other motions, but not Plaintiff's Motion to Amend.  (See Minute Entry for proceedings held before Magistrate Judge Steven C. Mannion on June 17, 2013).  Judge Mannion denied the Motion to Strike during the oral argument and stated,

> I'm relying on the case by the Chief Judge from this District, Judge Simandle's decision in Federal Trade Commission v. Hope Now Modifications, Civil Action Number 09-1204, 2011 U.S. Dist. LEXIS cite 24657, where under Rule 12(f), District Judge Simandle states: This court joins the other districts in the Circuit that have addressed this issue by holding that the heightened pleading standard of Twombly and Iqbal does not apply to affirmative defenses. The court finds persuasive the textual analysis demonstrating that the Federal Rules of Civil Procedure distinguish the level of pleading required between a plaintiff asserting a claim for relief under Rule 8(a) and a defendant asserting an affirmative defense under Rule 8(c).

---

[2]  It is important to note that Plaintiff had not yet filed a formal Motion to Amend, yet sought a Court Order granting his request. (ECF No. 39). In the same submission, Plaintiff submitted to chambers a Proposed Amended Complaint and a Proposed Order. (Id.).

(Transcript of Proceedings held on June 17, 2013 before Judge Mannion, ECF No. 71, at 8).

The matter was then reassigned to this Court on September 13, 2013. (See Docket Entry on September 13, 2013). The Court held an in person status conference on November 18, 2013. (See Minute Entry on November 18, 2013). On December 23, 2013 this Court issued an Opinion on the properly filed pending Motions,[3] (ECF No. 73), and entered an Order on December 26, 2013. (ECF No.74). Plaintiff appealed this Court's decision on January 9, 2014. (ECF No. 75). After having considered the parties' submissions, Judge Salas affirmed this Court's Opinion and Order on July 21, 2014. (ECF Nos. 80 and 81). On September 9, 2014 this Court scheduled an in person conference on October 9, 2014. (ECF No. 82). On October 9, 2014 Plaintiff filed, what appears to be, his personal notes, and also requested that the matter be referred to another Magistrate Judge. (ECF No. 83). In Plaintiff's submission, the proposed Amended Complaint was referenced for the first time, as far as this Court can tell, since the matter was reassigned to this Court. (Id.).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) governs requests for leave to amend, allowing a party to amend its pleadings after obtaining the Court's leave or the written consent of its adversary. Under this liberal rule, the Court must "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Wright & Miller section 1484, at 676 ("Subdivision (a)(2) encourages the court to look favorably on requests to amend."). This lenient standard ensures that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted); see also Sabatino v. Union Township, No.,

---

[3] Defendants' Motions to Compel, Plaintiff's Motion to Compel, and Defendants' Cross- Motion for a Protective Order. (ECF Nos. 48, 49, and 53).

5

2013 WL 1622306, at *6 (D.N.J. April 15, 2013) (internal citations omitted) (discussing that "if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits.").

The decision to grant or deny leave to amend under Rule 15(a) is "committed to the sound discretion of the district court." Arab African Int'l Bank v. Epstein, 10 F.3d 168, 174 (3d Cir. 1993). While courts have broad discretion to decide motions to amend, they are to "heed Rule 15(a)'s mandate that amendments are to be granted freely in the interests of justice." Voilas et al. v. General Motors Corp., et al., 173 F.R.D. 389, 396 (D.N.J. 1997) (internal citations and quotations omitted). In the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, the court must grant a request for leave to amend. Grayson v. Mayview State Hosp., 292 F. 3d 103, 108 (3d Cir. 2002); see also Arthur v. Maersk, Inc., 434 F. 3d 196, 204 (3d Cir. 2006) (stating that generally, leave to amend should be granted "unless equitable considerations render it otherwise unjust."). The non-moving party has the burden of demonstrating substantial or undue prejudice. Heyl & Peterson International, Inc. v. F.D. Rich Housing, Inc, 663 F. 2d 419, 426 (3d Cir. 1981).

However, leave to amend a pleading may be denied where the court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). A motion for leave to amend will be denied for futility if the proposed amended complaint "would fail to state a claim upon which relief could be granted." Id. Thus, "[i]n assessing 'futility' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter

6

accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S.

Ct. 1937, 1949 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

### III.   DISCUSSION

Plaintiff argues that 1) his "Proposed Second Amended Complaint Complies with Rule 8,"

(<u>Id.</u> at 8); 2) his proposed amendment does not unduly prejudice Defendants because there are "no

new issues, nor new theories contemplated nor envisioned – only new facts learned via the receipt

of discovery, which are incorporated into the proposed Seconded [sic] Amended Complaint," (<u>Id.</u>

at 13); 3) that Defendants "do not have clean hands" and that "[b]ecause of Defendants' . . . hostage

holding of their discovery responses until/unless Plaintiff capitulated, Plaintiff was jeopardized

regarding his ability to read, digest and react to Defendants' discovery responses by the 10/31/12

motion date." (<u>Id.</u>).  Plaintiff further asserts that Defendants "should be hard-pressed to argue

undue delay since it was their unreasonable actions, by refusing to provide the Discovery

documents to which Plaintiff was entitled, that caused the need for this proposed Amendment."

(<u>Id.</u> at 14); and 4) Plaintiff states that his "motive is well founded. [He] simply seeks to add to the

Complaint facts and information that have come to light as a result of the <u>recent</u> receipt of

Discovery." (<u>Id.</u>).

Defendants opposed the Motion arguing first, that Plaintiff's proposed Amended

Complaint does not comply with Federal Rule of Civil Procedure 8; second, that Plaintiff's

amendments would be futile; and third, that Defendants would suffer prejudice as a result of

Plaintiff's proposed amendments. (ECF No. 54, at 3). Defendants assert that Plaintiff fails to meet

the standard because the proposed Second Amended Complaint "is a rambling, excessive

combination of accusations as to individuals' motivations for certain actions and citations to documents produced in discovery."[4] (ECF No. 50, at 4).  Federal Rule of Civil Procedure 8 states,

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
>
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8.  Defendants assert that Plaintiff "seeks to assert common law claims against **all Defendants** for: 1) Negligent Supervision (Counts II, VI); 2) Defamation Per Se (Count III); 3) Intentional Infliction of Emotional Distress/Fraud/Deceit (Count IV); and 4) Negligent Training/Breach of Covenant of Good Faith and Fair Dealing (Counts I, II, VI)." (ECF No. 54, at 8) (citing Krause Cert., Ex. D, Deposition Transcript of Kenneth E. Robinson ("Robinson Dep"), 57:8-58:5) (emphasis in original).  What Defendants fail to note is that in Plaintiff's original Complaint[5] he asserts claims for disparate/adverse treatment, hostile work environment, breach of the convenient of good faith and fair dealing, retaliation, wrongful termination, intentional infliction of emotional distress/fraud/deceit, breach of fiduciary duty, and negligent hiring, supervision, and training. (Complaint, ECF No. 1).  While many of the "claims" in Plaintiff's

---

[4] Defendants seem to take issue with the fact that Plaintiff's proposed Second Amended Complaint arises as a result of the discovery exchanged between the parties. (ECF No. 54, at 1) (Plaintiff's Second Amended Complaint "does not conform to the requirements of Fed. R. Civ. P. 8, as it is a rambling and bombastic combination of allegation, argument and verbatim quotation from the documents already produced to him by Defendants during the course of discovery").  Federal Rule of Civil Procedure 15, however, allows for amendments to pleadings obtained during the course of discovery.

[5] While Plaintiff filed an Amended Complaint as a matter of course, (ECF No. 4), the Amended Complaint contained a one sentence amendment.  The Court's reference to Plaintiff's original Complaint, shall, therefore, include that amendment.

original Complaint seem like mere headings, they were technically pled in the original Complaint. Although not many facts were pled in the original Complaint to support the claims asserted, the claims were nevertheless included and Plaintiff now seems to be adding facts to bolster those claims.

### a. Defendants' Legal Arguments

Defendants first argue that "[t]he LAD and Title VII preempt common law causes of action when the statutory claim already provides a remedy for the alleged wrong." (Id.) (citing Kuilan v. Sodexo Inc., No. 11-4567 SDW, 2012 WL 1964492, at *8 (D.N.J. May 31, 2012) (Plaintiff's "breach of contract claim is predicated on the same set of facts as her LAD claim and seeks the same remedies. Therefore, her breach of contract claim is barred because it is duplicative of her LAD claim"; Gurchensky v. Potter, No. 06-5760 (JLL), 2010 WL 2292171, at *6 (D.N.J. May 28, 2010) ("Plaintiff's common law breach of contract claim arises out of the same set of facts as his Federal anti-discrimination claims, namely that he had the right to be free from discrimination based on age and race. As such, his contract claim is duplicative of his ADEA and Title VII claims and is thus preempted"). Defendants assert that because the "relief Plaintiff seeks for his common law claims is duplicative of the relief he seeks for his LAD and Title VII claims," the common law claims are preempted. (ECF No. 54, at 6).

The Motion before this Court is not a Motion to Dismiss, but rather a Motion to Amend. While Defendants may ultimately be correct that some of Plaintiff's claims are preempted, the alleged preempted claims were pled in the original Complaint. (See Complaint, ECF No. 1). The only new claim Plaintiff adds is a claim for defamation. (Proposed Amended Complaint, ECF No. 50, at 44). Defendants do not argue that Plaintiff's defamation claim is preempted. The Court will not engage in a preemption analysis at this time. The claims that Defendants seek to deny Plaintiff

the right to plead were in the original Complaint. To require Plaintiff to take those claims out of his proposed Amended Complaint would ignore well established rules of pleadings and motion practice. See Fed. R. Civ. P. 8, 12, 12(c), 15.

Defendants next argue that Plaintiff's common law claims are futile for reasons other than preemption. (ECF No. 54, at 12).

### b. Intentional Infliction of Emotional Distress

Defendants assert that "Plaintiff's allegations do not rise to the level required to adequately state an intentional infliction of emotional distress ('IIED') claim, which he asserts in Count V." (Id.). Defendants cite to a New Jersey Supreme Court case Buckley v. Trenton Saving Fund Soc., which explains that in order to establish a claim for IIED, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." 111 N.J. 355, 366 (1988) (internal citation omitted). Defendants argue that Plaintiff's proposed amendments regarding his IIED claim are "conclusory assertions" and "are insufficient to warrant approval of the requested amendment." (ECF No. 54, 12). In support of their assertion, Defendants state,

> Plaintiff's deposition testimony confirms the lack of sufficiency in his allegations: Plaintiff admits: 1) he is not suffering any mental or physical health issues resulting from Defendants' conduct; and 2) he did not see or hear any statements that he considered overtly discriminatory. Krause Cert., Ex. D, Robinson Dep., 81:12; 108:8; 124:13-22. As to his conflict with Meza that gives rise to Count V, Plaintiff testified that this incident was a single telephone conversation with Meza where he alleges Meza wrongly accused him of yelling at her. Id., [sic] 167:10-168:21. This is not the stuff of a viable IIED claim.

(ECF No. 54, at 12-13). Defendants' argument that Plaintiff's allegations fail to rise to the level required to adequately state a claim for IIED asks too much for a Motion to Amend. Such an argument may very well prevail on a motion for summary judgment, which is not before the Court. As with the majority of Plaintiff's other claims, the IIED claim was pled in the original Complaint.

The amendments merely add additional facts bolstering his IIED claim. Because Plaintiff's IIED claim was pled in the original Complaint, and Defendants did not move to dismiss them, his amendment adding facts are not now futile and, therefore, shall be permitted.

### c.   Covenant of Good Faith and Fair Dealing; Negligence; Breach of Fiduciary Duty

Next, Defendants argue that Plaintiff's claims for the breach of the covenant of good faith and fair dealing, any claims grounded in negligence, and claims for the breach of fiduciary duties against Wright-Gibson are futile for multiple reasons.[6]  (See ECF No. 54, at 8-9).  The Court notes, however, that Plaintiff does not seek to add new claims for the breach of the covenant of good faith and fair dealing, negligence, or breach of fiduciary duty to his Second Amended Complaint. As noted above, these claims existed in his original Complaint.  (See ECF No. 1).  Defendants filed an Answer on July 24, 2012, in which they either affirmed or denied all of Plaintiff's claims. (ECF No. 10).  Defendants did not file a Motion to Dismiss in lieu of an Answer.  The claims that Plaintiff initially pled, while they may have been deficient from the start, were unchallenged. Therefore, the legal sufficiency of those claims are not before the Court in connection with Plaintiff's Motion to Amend.[7]  At this juncture, Plaintiff is simply seeking to add additional facts with regard to his breach of covenant of good faith and fair dealings claim, negligence claims, and

---

[6] Defendants assert that "New Jersey law does not recognize a claim for breach of the covenant of good faith and fair dealing in an at-will employment context", which Defendants allege Plaintiff was.  (ECF No. 54, at 8).  Defendants also argue that the New Jersey Worker's Compensation Act bars Plaintiff's negligence claims.  (Id.) (citing DeMaria v. The Home Depot, No. 97-5987, 1998 WL 1750127, at *3 (D.N.J. Mar. 31, 1998) ("New Jersey courts have made it clear that, in light of the WCA, an employee cannot sue her employer in negligence").  Additionally, Defendants argue that Plaintiff's claim for breach of fiduciary duty against Wright-Gibson is futile because she is an at-will employee.  (ECF No. 54, at 8).

[7] Such arguments may have been appropriate under Federal Rule of Civil Procedure 12(c), which states "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  This, however, is not before the Court at this time.  The arguments Defendants make are simply improper in the context of Plaintiff's Motion to Amend and his original Complaint.

breach of fiduciary duty claims. He does not assert new claims against the preexisting Defendants, nor are these claims new. Adding facts to claims already pled in the original Complaint is entirely permissible, which is precisely why this Court shall allow Plaintiff to amend his Complaint to include these additional facts. As a result, this Court will allow Plaintiff to amend his Complaint, which already includes these claims.

### d. **Defamation**

Plaintiff seeks to add one new claim for defamation. (ECF No. 50, at 44). While Defendants here do not specifically address Plaintiff's defamation claim, the Court must still engage in the futility analysis in order to determine whether or not Plaintiff's Complaint should be Amended to include it. "In New Jersey, the cause of action of defamation is composed of three elements: (1) the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher." Moriarty v. Classic Auto Grp., Inc., No. 13-5222, 2014 WL 884761, at *2 (D.N.J. Mar. 6, 2014) (citing Leang v. Jersey City Bd. of Educ., 198 N.J. 557, 585, 969 A.2d 1097 (2009) (quoting DeAngelis v. Hill, 180 N.J. 1, 13, 847 A.2d 1261 (2004)) (internal quotations omitted). If Plaintiff's proposed amendment alleges the elements necessary to establish a claim for defamation, then the inclusion of this claim is not futile and should be permitted. See Palladino ex rel. U.S. v. VNA of S. New Jersey, Inc., 68 F. Supp. 2d 455, 477 (D.N.J. 1999) ("Plaintiff's "proposed amendment to the Amended Complaint alleges all of the elements of defamation with a clearly sufficient degree of specificity; the proposed amendment would not be futile, and the Court will grant leave to amend as requested").

Plaintiff's proposed Amended Complaint includes the following statements, which Plaintiff claims rise to the level of defamation:

12

"Sandi, I am assuming he is reaching out because we have had conversations where is [sic] has told me when he receives a contract, he passes it to Rob Spataro, Tom Graziano and Scott Forys for technical assessment. My response has been to him, what value do you add? I told him, he should have that IT knowledge and only go for technical concurrent when needed, as do Parvin and Colette...Again, what do I do here?"

(ECF No. 50, at 45) (internal citation omitted). Plaintiff claims that this is "a false, misleading, and defamatory statement for a number of reasons. For example, Colette does not have a technical background as noted in her resume when applying for her position with Horizon." (Id.). Plaintiff goes on to describe specific scenarios, which do not seem to support a claim for defamation. He also notes that Defendant White "took exception" to the following comment:

Recently, and especially upon your arrival, Colette has done, in my view, the utmost to hold me, or portray me, in a bad light. I don't care whether her motive is pandering or not, but I am addressing this issue in another forum. I view myself as a polished professional and I seek to maintain a high level of professionalism however, nothing is absolute. To smile and greet someone glowing who, is turn, [sic] is smiling at me while simultaneously stabbing me in the back is not my style.

(ECF No. 50, at 49). Plaintiff went on to state,

"Colette, The plot thickens. I pray I live long enough to show my excellent backhand," which Colette forwarded to Cheryl proclaiming, "FYI – I can only guess what he means by this." Naturally, Cheryl forwarded into [sic] Sandra Marten and Victoria exclaiming, "Sandi and Victoria, I am not comfortable with this at all." However, Colette knew what Plaintiff meant by this reference because he and Colette often had numerous conversations whereby Plaintiff boasted about his two-handed tennis backhand.

(Id. at 49-50) (internal citation omitted).

It is impossible to establish that based on the facts provided, the statements were both false and defamatory. Although Plaintiff may have been embarrassed by the statements and/or disagreed with them, they do not rise to the level of "false and defamatory" statements. In order to "qualify as a defamatory statement, the statement must be able to be proven true or false. Statements of pure opinion do not satisfy this requirement because such statements only 'reflect a

13

state of mind,' and therefore generally 'cannot be proved true or false.'" <u>Mangan v. Corporate Synergies Grp., Inc.</u>, 834 F. Supp. 2d 199, 204-05 (D.N.J. 2011) (internal citation omitted).

The statements that Plaintiff claims were defamatory were opinions at best. Moreover, the Court can find nothing derogatory, let alone defamatory about the statements Plaintiff highlights. If anything, the statements were critical of his work performance, which are opinions. Opinions, generally, are not defamatory. <u>Edelman v. Croonquist</u>, No. 09-1938, 2010 WL 1816180, at *3 (D.N.J. May 4, 2010) ("Determining whether a statement is defamatory requires the Court to consider the content, verifiability, and context of the challenged statements. The verifiability determination goes to whether the statement is one of fact or opinion, because statements of opinion and name-calling, which cannot be proved true or false, are not actionable) (internal citation and quotations omitted).

Because "[a]n amendment is futile if it would not survive a motion to dismiss," <u>Gregory v. Admin. Office of the Courts of State of New Jersey</u>, 168 F. Supp. 2d 319, 325 (D.N.J. 2001), this Court will deny Plaintiff's Motion to Amend his Complaint to include a claim for defamation. "In considering a motion to dismiss under Rule 12(b)(6), the Court may dismiss a complaint if it appears certain that the plaintiff cannot prove any set of facts in support of its claims which would entitle it to relief." <u>Gregory v. Admin. Office of the Courts of State of New Jersey</u>, 168 F. Supp. 2d 319, 326 (D.N.J. 2001) (internal citation omitted). In addition to Plaintiff's defamation claim not being able to survive a motion to dismiss, Plaintiff failed to satisfy all the elements required to establish a claim for defamation.

### e. **Additional Parties**

In addition to the defamation claim, Plaintiff's proposed Amended Complaint seeks to add additional individual defendants, Susan Berkenbush, (Director, Sourcing and Supplier

Management Department), and Deborah Collins, (Contract Specialist, Sourcing and Supplier

Management Department). (Motion to Amend, ECF No. 50).

> Plaintiff did not learn the extent of Susan Berkenbush's, Deborah Collins', and other members of their department, with whom Plaintiff interacted throughout the day every day, **treating Plaintiff as a <u>sport</u> and a <u>source of their amusement</u>, as evidenced by their racially negative stereotypical e-mails,** until he received their e-mails, among the voluminous amount of Discovery received from Defendants made possible by, and pursuant to, the Amended Scheduling Order.

(Id. at 12) (emphasis in original). Defendants argue that the Court should not allow Plaintiff to

add these new defendants, first, because the common law claims are futile. (ECF No. 54, at 9).

As noted above, while the claims may not be able to withstand a potential Motion to Dismiss, the

claims were nevertheless pled in the original Complaint. Additionally, Defendants argue that

"neither Berkenbush nor Collins supervised, evaluated, terminated, or denied Plaintiff alternative

work arrangements. Indeed, Collins has no supervisory authority whatsoever." (Id.) (internal

citation omitted).

In order to determine whether or not Berkenbush and Collins should be added as

defendants, the Court must first determine which causes of action are brought against them. It

seems unclear from Plaintiff's Proposed Second Amended Complaint which claims are against

which Defendants, until the Prayer for Relief. (See ECF No. 50, at 56). Plaintiff asserts that the

First, Third, and Fourth Causes of Action are against "all Defendants" and that they are "severally

and jointly liable." (Id.). The Second Cause of Action specifically references Defendants

"Horizon, Victoria, and Cheryl." (Id. at 57). And finally, the Fifth and Sixth Causes of Action are

specifically against "Horizon and Victoria." (Id.). The only claims, therefore, that the Court need

to consider in regards to potential defendants Berkenbush and Collins are the First, Third, and

Fourth Causes of Action, which include disparate/adverse treatment, hostile work environment,

breach of the covenant of good faith and fair dealing, wrongful termination, and intentional

infliction of emotional distress.  The ultimate determination of whether or not Berkenbush and

Collins shall be added as defendants will depend on whether or not Plaintiff is able to assert these

causes of actions against them.

Turning first to the claim of disparate/adverse treatment.

"Disparate treatment" ... is the most easily understood type of discrimination. The employer simply treats some people less favorably than others because of their race, color, religion, sex, or national origin. Proof of discriminatory motive is critical, although it can in some situations be inferred from the mere facts of differences in treatment. Undoubtedly disparate treatment was the most obvious evil Congress had in mind when it enacted Title VII.

Gerety v. Atl. City Hilton Casino Resort, 184 N.J. 391, 398 (2005) (internal citation omitted); see

also Hazen Paper Co. v. Biggins, 507 U.S. 604, 610 (1993) ("In a disparate treatment case, liability

depends on whether the protected trait . . . actually motivated the **employer's** decision) (emphasis

added).  In order to maintain a claim for disparate/adverse treatment, the claim must be made

against the employer.  This Court will deny that claim to be brought against Berkenbush and

Collins, because, as stated above, neither of them exercised power over Plaintiff.

Also encompassed in Plaintiff's First Cause of Action is hostile work environment.  The

Third Circuit has articulated five factors that must be proven in order to establish a hostile work

environment under Title VII:

Specifically, plaintiff must prove: (1) that she suffered intentional discrimination because of her race or sex; (2) that the discrimination was pervasive and regular; (3) that the discrimination detrimentally affected her; (4) that the discrimination would detrimentally affect a reasonable person of the same race or sex in that position; and (5) the existence of *respondeat superior* liability.

Hargrave v. Cnty. of Atl., 262 F. Supp. 2d 393, 411 (D.N.J. 2003) (internal citation and quotations

omitted).  In addition, the elements of a LAD hostile work environment claim "closely resemble

the first four elements of the Title VII hostile work environment claim."  Watkins v. Nabisco

Biscuit Co., 224 F. Supp. 2d 852, 864 (D.N.J. 2002).  Defendants note that "almost every e-mail

16

relied upon by Plaintiff in his [proposed Second Amended Complaint] at Paragraphs 39-70 to support his hostile work environment claim are e-mails in which Plaintiff is not copied on the allegedly offensive email." (ECF No. 54, at 14). Defendants are correct. In order for conduct to contribute to a hostile work environment, Plaintiff must be aware of it. See Fitzgerald v. Stanley Roberts, Inc., 186 N.J. 286, 319 (2006) ("Although harassment of other women witnessed by plaintiff may contribute to her experience of a hostile work environment, harassment of which a plaintiff is entirely unaware cannot contribute to that environment because plaintiff does not experience it"). As a result, Plaintiff's request to bring a cause of action against Berkenbush and Collins for hostile work environment is denied.

Next, Plaintiff's claim for breach of the covenant of good faith and fair dealing cannot be asserted against Berkenbush and Collins. In order to maintain a claim for the breach of covenant of good faith and fair dealing, there must be a valid employment contract. As stated above, Defendants properly assert that "New Jersey law does not recognize a claim for breach of the covenant of good faith and fair dealing in an at-will employment context." (ECF No. 54, at 13) (citing Hitchens v. Aptium Oncology, Inc., No. 10-571, 2012 WL 570344, at *9 (D.N.J. Feb. 21, 2012) ("Plaintiff was an at will employee, and Defendant Aptium could let Plaintiff go at any time for a nondiscriminatory reason. Plaintiff cannot succeed with a claim for breach of the covenant of good faith and fair dealing against Defendants"). Because Plaintiff was an at will employee, his claim against Berkenbush and Collins for breach of the covenant of good faith and fair dealing has no legal merit. It will be stricken.

Plaintiff's Third Cause of Action is for wrongful termination. In order to assert a prima facie case of age discrimination under the New Jersey Law Against Discrimination "on the basis of wrongful termination, a plaintiff must show that: (1) plaintiff was a member of a protected

group; (2) plaintiff's job performance met the employer's legitimate expectations; (3) plaintiff was terminated; and (4) the employer replaced, or sought to replace, the plaintiff." Bratek v. TD Bank, N.A., No. 11-3049, 2012 WL 5404398, at *2 (D.N.J. Nov. 5, 2012) (citing Zive v. Stanley Roberts, Inc., 182 N.J. 436, 867 (N.J. 2005)).   Neither Berkenbush nor Collins can be held accountable for Plaintiff's termination as neither of them supervised or terminated Plaintiff. (See Krause Cert., Ex. D, Robinson Dep., 86:2-7). As a result, this Court denies Plaintiff's request to bring a claim against either of them for wrongful termination.

Finally, Plaintiff seeks to assert a claim of intentional infliction of emotional distress against Berkenbush and Collins. "Generally speaking, to establish a claim for intentional infliction of emotional distress, the plaintiff must establish intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." Buckley v. Trenton Saving Fund Soc., 111 N.J. 355, 366 (1988).   In addition, as stated above, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. Plaintiff fails to state exactly what conduct by Berkenbush and Collins rises to the level of "outrageous" and "extreme" as to hold them liable for IIED. Furthermore, under the Fourth Cause of Action for IIED, Berkenbush and Collins are not mentioned at all. The Court finds, therefore, the proposed Second Amended Complaint simply does not allege enough facts to allow such a claim to survive a 12(b)(6) Motion against these individuals. The claim is futile. The Second Amended Complaint shall not include claims against Berkenbush and Collins.

### f.   **Prejudice to Defendants**

Finally, Defendants argue that the proposed Amended Complaint should be denied in its entirety because it unduly prejudices Defendants. (ECF No. 54, at 10). Defendants assert that

18

Plaintiff's proposed Second Amended Complaint "is yet another effort to delay examination of the actual merits of his claims, which are sorely lacking, by seeking to have Defendants incur additional expenses in discovery." (Id.). While Defendants may be correct that Plaintiff may request to engage in further discovery based on the amendments, that in itself is not enough to prejudice Defendants and prevent this Court from granting Plaintiff's Motion. In fact, Federal Rule of Civil Procedure 15 necessitates that courts "freely give leave when justice so requires." The Court finds that justice so requires the amendment of Plaintiff's Complaint here.

The Court must further note that that this Motion, for reasons explained above, comes at a time when the pre-trial process is complete. As a result, absent a showing of good cause, there will be no further discovery taken. This Motion to Amend, as argued by Plaintiff, seeks to conform the pleadings to the discovery that Plaintiff alleges has been developed. The Court must point out that the bulk of Plaintiff's proposed amendments are mere allegations. It appears as though those allegations have been uncovered during the discovery phase. The Federal Rules of Civil Procedure, however, allow amendments to pleadings even at trial. See Fed. R. Civ. P. 15(b). As a result, the Court finds that it is not futile to allow Plaintiff to amend his Complaint to include these new allegations.

## IV. CONCLUSION

The Court, therefore, having considered the parties' submissions, finds that Plaintiff's Motion to Amend should be **DENIED in part and GRANTED in part**. Plaintiff's proposed amendments, which seek to include the new Count for defamation and the addition of Berkenbush and Collins as defendants is **DENIED**. Plaintiff's proposed amendments, which include the addition of facts to Plaintiff's pre-existing claims, is **GRANTED**. Plaintiff shall file his Second Amended Complaint by March 1, 2015 in compliance with this Opinion and Order. The

defamation Count shall be excised, together with the new proposed defendants.   The Second Amended Complaint shall be identical to Plaintiff's proposed Second Amended Complaint, with the exception of the redactions set forth above.   Plaintiff shall not plead any additional facts.

**SO ORDERED**

JOSEPH A. DICKSON, U.S.M.J.

cc:   Hon. Madeline C. Arleo, U.S.D.J.