**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH E. ROBINSON JR.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>HORIZON BLUE CROSS BLUE<br>SHIELD OF NEW JERSEY,<br>VICTORIA WRIGHT-GIBSON,<br>CHERYL CONCANNON,<br>COLETTE WHITE, and<br>BEATRIZ MESA,<br><br>　　　　　Defendants. | Civil Action No.<br><br>2:12-cv-02981 (MCA) (LDW)<br><br><br>**MEMORANDUM OPINION AND ORDER** |

　　　　Plaintiff pro se, Kenneth E. Robinson Jr. (plaintiff), moves for an order (1) striking the answer of defendants, Horizon Blue Cross Blue Shield of New Jersey (Horizon), Victoria Wright-Gibson, Cheryl Concannon, Colette White, and Beatriz Mesa (collectively, defendants), to plaintiff's second amended complaint, pursuant to Federal Rule of Civil Procedure 12(f), (2) directing defendants to provide a more definite statement, pursuant to Federal Rule of Civil Procedure 12(e), and (3) assessing sanctions against defendants' counsel, pursuant to Federal Rule of Civil Procedure 11(c)(2). Upon consideration of the parties' submissions, and for the reasons stated below, all portions of the motion are **DENIED**.

　　　　Plaintiff first seeks to strike defendants' most recent answer on the grounds that defendants never sought leave to amend, yet filed a new answer, with various modifications, following plaintiff's filing of his second amended complaint. Defendants properly contend that they needed no permission to file a new answer in response to plaintiff's second amended

complaint. Under Federal Rule of Civil Procedure 12(a)(1)(A), in conjunction with Rule 15(a)(3), a defendant has not only a right, but an obligation, to file a new answer after a plaintiff files an amended complaint. *See Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002); *Bonanni v. Purdy*, Civ. A. No. 13-6212 (JBS/AMD), 2013 WL 6579129, at *1, 2013 U.S. Dist. LEXIS 175055, at *3 (D.N.J. Dec. 13, 2013); *Transweb, LLC v. 3M Innovative Props. Co.*, Civ. A. No. 10-4413 (FSH), 2011 WL 2181189, at *1, 2011 U.S. Dist. LEXIS 59095, at *1 (D.N.J. June 1, 2011); *see also Aames v. Fidelity & Guar. Ins. Underwriters, Inc.*, Civ. No. 13-2008-JHR-KMW, at 1-2 (D.N.J. Jan. 8, 2014). Indeed, failure to file a timely answer to an amended complaint can result in entry of default. *See Fireman's Fund Ins. Co. v. Southwest Equip. Rental, Inc.*, Civ. A. No. 88-2765, 1989 WL 200946, at *2, 1989 U.S. Dist. LEXIS 16545, at *6 (D.N.J. July 17, 1989). Modifications in an answer to an amended complaint are not narrowly restricted to addressing the amendments. *Aames*, 13-cv-2008-JHR-KMW, at 1-2; *see also E.I. DuPont De Nemours & Co. v. Millennium Chems., Inc.*, No. C.A. 97-237-SLR, 1999 WL 61564, at *4, 1999 U.S. Dist. LEXIS 12447, at *11-12 (D. Del. Aug. 2, 1999); *American Home Prods. Corp. v. Johnson & Johnson*, 111 F.R.D. 448, 453 (S.D.N.Y. 1986); *Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.*, 50 F.R.D. 415, 418-19 (D. Del. 1970).

Plaintiff's contention that the February 25, 2015 Order of the Honorable Joseph A. Dickson, ECF No. 104, implicitly limited the extent to which defendants could modify their answer to the second amended complaint is without merit. Judge Dickson's Order, in permitting plaintiff to file his second amended complaint, directed that "[t]he Second Amended Complaint shall be identical to Plaintiff's proposed Second Amended Complaint, with the exception of the redactions set forth above." *Id.* at 20. This direction restricted plaintiff's amendments only to the

extent that it required the filed second amended complaint to conform to the modifications that Judge Dickson had deemed warranted. It imposed no restriction, either explicit or implicit, on the contents of defendants' answer to the second amended complaint.

Additionally, defendants need not, as plaintiff argues, have verified their answer to the second amended complaint or included with it a certification pursuant to Local Civil Rule 11.2. That rule requires verification only of petitions, not answers. L. Civ. R. 11.2. Furthermore, a party must file a certification concerning whether the matter is the subject of any other litigation with that party's "*initial* pleading, motion or other paper" (emphasis added). *Id.* As defendants point out, they have already filed such a certification in this action, *see* Krause Certification, Sept. 25, 2012, ECF No. 20, and nothing requires them to file another.

The next relief that plaintiff seeks is an order compelling defendants to provide a more definite statement, pursuant to Federal Rule of Civil Procedure 12(e).[1] That rule states that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Unlike complaints or answers that assert counterclaims or cross claims, which require response, a party may file a reply to an answer that asserts no claims only if ordered to do so by the Court. *See* Fed. R. Civ. P. 12(a)(1)(C); *see also Harrison v. Linde*, No. 2:12-cv-2000 KJM CKD P, 2013 WL 687074, at *1, 2013 U.S. Dist. LEXIS 25583, at *2 (E.D. Cal. Feb. 25, 2013); *Edmond v. Pikes Peak Direct Mktg., Inc.*, Civ. A. No. 11-cv-02021-CMA-KLM, 2013 WL 535579, at *4, 2013 U.S. Dist. LEXIS 18723, at *11 (D. Colo. Jan. 17, 2013); *Treziak v. Petrich*, No. 2:10-CV-358-JTM-PRC, 2013 U.S. Dist. LEXIS 52819, at *1-2 (N.D.

---

[1] While plaintiff cites Rule 12(e) on the cover of his motion papers, he refers, in the text, to "FRCP 51" and includes the text of Tax Court Rule 51, which governs motions for more definite statements in proceedings before the United States Tax Court. As the Federal Rules of Civil Procedure govern herein, Rule 12(e) shall be applied.

3

Ind. Apr. 12, 2013). Accordingly, Rule 12(e) does not allow plaintiff to seek a more definite statement of the assertions in defendants' answer, and, as the answer permits no response, the explicit justification underlying such motions is absent. *See* Fed. R. Civ. P. 12(e); *see also Marley v. Donahue*, Civ. No. 14-1597 (JBS/JS), 2014 WL 5152618, at *1, 2014 U.S. Dist. LEXIS 146022, at *4 (D.N.J. Oct. 14, 2014) (holding that Rule 12(e) "endeavors to address a pleading that 'is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]'" (alteration in original) (quoting *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 232-33 (D.N.J. 2003))).

Finally, plaintiff seeks sanctions against defendants' counsel, pursuant to Federal Rule of Civil Procedure 11(c)(2). That rule states, in relevant part, "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Plaintiff fails to meet either of these requirements, as he seeks sanctions via a motion that also demands other relief and as he fails to identify specific conduct by defendants' counsel that might justify the extraordinary measure of sanctions. In any event, the Court's review of this action's procedural history does not reveal that defendants' counsel has engaged in any conduct that might justify sanctions under Rule 11.

For the reasons stated above, plaintiff's motion, ECF No. 114, is **DENIED** in its entirety.

**SO ORDERED, this 15th day of July 2015**

*/s/ Leda Dunn Wettre*
**Hon. Leda Dunn Wettre**
**United States Magistrate Judge**

Original:   Clerk of the Court
cc:   Hon. Madeline Cox Arleo, U.S.D.J.
   All Parties

4